UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,         CASE NO.: 8:16-CR-24T30AEB

    Plaintiff,
v.

LUIS ANTONIO RODRIGUEZ

    Defendant.
_____/

## SENTENCING MEMORANDUM

Defendant, Luis Antonio Rodriguez, by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Rodriguez's sentence, and states as follows:

### PROPOSED GUIDELINE CALCULATION

Currently, the Presentence Investigation Report indicates a guideline range of 135 to 168 months. Mr. Rodriguez additionally requests a Mitigating Role Adjustment and adopts the Presentence Investigation Report's analysis as to the impact of such a finding on his guideline calculation. As such, Mr. Rodriguez believes that the appropriate offense level is 23. However, absent a motion by the government, a 120 month min/man applies. Thus, Defendant requests that this Court sentence him to the 120 month min/man until such time as the government files the appropriate motion.

I. **THE APPLICABLE SENTENCING STANDARD**

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a

1

sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*. In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id*. at 589. In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

## II. SENTENCING GUIDELINE APPLICATION

### A. Base Offense Level and Undisputed Reductions

Due to the weight of the cocaine, the starting base offense level is 38. The undisputed reductions to this offense level are:

1. Mr. Rodriguez is eligible for a two-level reduction based upon his meeting of the criteria in U.S.S.G. § 2D1.1(b)(17), that references U.S.S.G. § 5C1.2.

2. Mr. Rodriguez is eligible for the three-level total reduction based up Mr. Rodriguez's acceptance of responsibility.

### B. Under Current Guidelines, Mr. Rodriguez's Conduct Reflects a Minor Role

The United States Sentencing Commission has adopted recent amendments to the sentencing guidelines that clarify when a reduction based on a minor role in the offense should apply. These amendments were imposed to address what the Commission felt was an inconsistent application and too sparring use for mitigating role. The amendments set forth a more detailed "Fact-Based Determination" that sets forth a non-exhaustive list of factors for the court to consider. Those new factors include:

**(i) the degree to which the defendant understood the scope and structure of the criminal activity;**

**(ii) the degree to which the defendant participated in planning or organizing the criminal activity;**

**(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;**

**(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;**

**(v) the degree to which the defendant stood to benefit from the criminal activity. For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.**

Mr. Rodriguez's role in the crime in the best determined by the disclosures he made to the government. Mr. Rodriguez's role is best defined by the things that he <u>did not do</u>:

**Mr. Rodriguez did not recruit any co-conspirators**

**Mr. Rodriguez was neither the source or owner of the cocaine or the vessel**

**Mr. Rodriguez was not involved in any aspect of the conspiracy beyond the one voyage**

**Mr. Rodriguez was not able to make decisions, give orders, or change plans**

**Mr. Rodriguez did not plan the voyage**

**Mr. Rodriguez did not control payment, or receive extra wages**

**Mr. Rodriguez did not have control of the cocaine**

Essentially, Mr. Rodriguez's conduct was to ride on the vessel and receive payment in an amount that was determined by the organizers of the trip. He was not to receive a cut or percentage of any proceeds.

Applying the amendments to the guidelines above, there is no evidence that Mr. Rodriguez "understood the scope and structure of the criminal activity." Further, he was not involved in the "planning or organizing [of] the criminal activity." He did not exercise "decision-making authority or influence[] the exercise of decision-making authority." For instance, he did not determine the crew, the route, the timing of departure, or the amount of payment or product. As detailed above, the "nature and extent of the defendant's participation in

4

the commission of the criminal activity," was narrow and limited in scope. Mr. Rodriguez did not have a "propriety interest in the criminal activity" and he was simply "paid to perform certain tasks." Therefore, Mr. Rodriguez should be considered for an adjustment under the adopted amendments to the guidelines.

IV. **SENTENCING FACTORS UNDER 18 U.S.C. § 3553**

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

A. **Mr. Rodriguez's Characteristics**

Mr. Rodriguez is a 32-year old Venezuelan native with **no criminal history**. Mr. Rodriguez is a loving and stable father of four who was pushed to make a poor decision in an attempt to provide for his family as economic conditions in Venezuela continue to disintegrate. The desperation felt by Mr. Rodriguez in Venezuela was understandable. Venezuelan president Nicolas Maduro recently declared a period of national "economic emergency" and recent reports revealed that the economy has shrank for seven consecutive quarters and inflation reached levels of 141% last year and is expected to reach 204% over 2016.[1]

---

1  http://money.cnn.com/2016/01/18/news/economy/venezuela-economy-meltdown/ last accessed July 26, 2016.

### B. The Offense Characteristics

The smuggling operation undertaken by Mr. Rodriguez was not a complicated endeavor. His role was even less complicated. As a mariner he never had any responsibilities directly related to the cocaine and therefore should be considered for reduced sentence.

### CONCLUSION

For all the above reasons, Mr. Rodriguez respectfully requests that the Court sentence him to the minimum sentence of 120 months.

Dated: July 26, 2016

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorney for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2016, a true and correct copy of the foregoing was was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Brian L. Shrader
Attorney